UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NOEL OWENS,

    Petitioner,

v.                                      Case No. 3:20cv6008-LC-HTC

M. V. JOSEPH,

    Respondent.
_____/

REPORT AND RECOMMENDATION

On January 1, 2021, Petitioner, Noel Owens, a federal prisoner proceeding *pro se*, filed an amended petition under 28 U.S.C. § 2241, ECF Doc. 4, seeking an order compelling the Federal Bureau of Prisons ("BOP") to "immediately apply Petitioner's 'Earned Time Credits' in full" under the First Step Act (the "FSA").[1] *See* ECF Doc. 1 at 5.  The matter was referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Because Petitioner argued his projected date to be released to a Residential Re-entry Center ("RRC") should have been March 2, 2021, ECF Doc. 1 at 3, the Court expedited the Respondent's response deadline.  The Respondent filed a motion to

---

[1] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018)

dismiss on March 2, 2021, ECF Doc. 10, and Petitioner was given thirty (30) days to submit a response. The time has expired without any response by Petitioner. Upon review, the undersigned respectfully recommends that the petition be dismissed because Petitioner has not exhausted his administrative remedies and the request for relief is premature.

I.   BACKGROUND

Petitioner is a federal prisoner serving an 180-month sentence on drugs and firearms charges. *United States v. Owens*, 1:09cr14-SPM (N.D. Fla.), ECF Docs. 125 & 184. At the time he filed the instant petition, he was incarcerated at the Federal Prison Camp in Pensacola, Florida ("FPC – Pensacola").

In the amended petition, Owens alleges he should receive 315 days of earned FSA credits, which would have resulted in him being released to a Residential Reentry Center ("RRC") on March 2, 2021. ECF Doc. 1 at 2-3; ECF Doc 4 at 3. He alleges he accrued these credits by working at UNICOR and as a prison barber, both of which, he argues, qualify for earned-time credits under the FSA.

In between the time Petitioner filed the petition and the date of this Order, however, Petitioner was apparently placed into an RRC -- Orlando RRM. *See* Find an Inmate, FEDERAL BUREAU OF PRISONS WEBSITE, https://www.bop.gov/inmateloc/ (click "Find By Name" and search "Noel" and "Owens" for first and last name). His projected release date from Orlando RRM is February 22, 2022. *Id.*

Although Owens has been placed into an RRC, and thus any relief in that regard is moot, the undersigned finds it nonetheless necessary to address the petition. Specifically, Petitioner argues he should have begun his RRC placement in March 2021 and that such earlier placement would have resulted in an earlier complete release from confinement. Thus, his placement in the RRC does not moot the petition.

As set forth below, however, upon consideration, the undersigned finds the amended petition is subject to dismissal on two grounds. First, Petitioner failed to exhaust administrative remedies. Second, the provision of the FSA pursuant to which Petitioner seeks to benefit does not go into effect until January 15, 2022.

## II. EXHAUSTION

A petitioner seeking relief under 28 U.S.C. § 2241 must first exhaust available administrative remedies. *See Santiago–Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015); *Davis v. Warden, FCC Coleman-USP I*, 661 F. App'x 561, 562 (11th Cir. 2016). Although exhaustion is not a jurisdictional prerequisite to suit, it is still a requirement. *See Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (per curiam), *abrogated by Santiago–Lugo*, 785 F.3d at 471, 474–75, 474 n.5. Indeed, "the exhaustion requirement applies to the computation of sentence credit awards," such as at issue here. *Barron v. Adduci*, No. 7:15cv1258/AKK-TMP, 2016 WL 3958729 at *1 (N.D. Ala. June 14, 2016) (citing *United States v. Nyhuis*, 211 F.3d

1340, 1345 (11th Cir. 2000) (a claim asking the court to grant credit for time-served can be brought under Section 2241 only after a petitioner has exhausted administrative remedies)).

The courts in this circuit which have addressed this issue have required exhaustion. *See, e.g.*, *DeJesus v. Woods*, No. 2:19cv121-WHA, 2019 WL 3326199 at *5 (M.D. Ala. June 21, 2019) (recommending dismissal of § 2241 petition seeking good conduct time and placement on home confinement under FSA as premature and explaining that, even if petition were ripe for review, court would not address merits of claims because petitioner did not exhaust administrative remedies); *Haynes v. Edge*, No. 2:19cv15, 2019 WL 3326221 at *2 (S.D. Ga. June 12, 2019) (recommending dismissal of § 2241 petition seeking good conduct credit under FSA as premature and explaining that, even if not premature, petition "would be subject to dismissal because he failed to exhaust his available administrative remedies prior to the filing of this Petition"); *Gibson v. Keaton Corr.*, No. 4:19CV391-WS/CAS, 2019 WL 5927732, at *2 (N.D. Fla. Oct. 8, 2019), *report and recommendation adopted*, No. 4:19CV391-WS/CAS, 2019 WL 5902141 (N.D. Fla. Nov. 12, 2019) ("In this case, nothing indicates Gibson exhausted his administrative remedies before filing this § 2241 petition. . . . Accordingly, this petition should be dismissed without prejudice.").

Case No. 3:20cv6008-LC-HTC

To properly exhaust administrative remedies, a petitioner must comply with the applicable agency's deadlines and procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006) (addressing the exhaustion requirement in the Prison Litigation Reform Act). The BOP provides an internal grievance procedure for its inmates. *See* 28 C.F.R. § 542.10, *et seq*. A federal inmate must "first present an issue of concern informally to staff" who must "attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." *See* 28 C.F.R. § 542.13(a). If the informal resolution procedures fail to resolve the issue, generally a prisoner must complete a three-step sequential formal process.

As to the formal grievance procedures, an inmate first must submit a Request for Administrative Remedy on the BP-9 form to the Warden within twenty days of the incident. *See* 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, he may submit an appeal on the BP-10 form to the Regional Director within twenty days of the Warden's response. *See* 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the Regional Director's response, he may submit an appeal on the BP-11 form to the General Counsel at the Central Office within thirty days of the Regional Director's response. *See id.*

Although Petitioner submitted an informal grievance which was denied, Petitioner did not exhaust the formal grievance procedures. Attached to the original petition is an Inmate Request to Staff, which constitutes the "attempt to informally

resolve" the issue with staff under the BOP administrative remedies procedure. ECF Doc. 1-1. The request, addressed to "Unit Team, Mrs. Bertram" and dated December 2, 2020, states as follows:

> Pursuant to 18 usc 3632(d)(4) , 3635, I'm requesting that my 'Earned Time Credits' be applied to my sentence via First Step Act just as the District Courts did in *Goodman v. David Ortiz* . . . I've completed several programs and I've worked over 500+ hours in UNICOR.

*Id.* at 1. The staff member responded on December 8, 2020, "According to the FSA law the BOP has until 2022 to become fully implemented with the law to include the credit. We don't have the ability to apply the credits until the BOP has done so BOP wide." *Id.*

Once Petitioner's informal grievance was denied, the next step in the BOP administrative procedures was for Petitioner to file a formal grievance to the Warden using a BP-9. Petitioner, however, did not initiate any formal grievance procedures. In support of his motion to dismiss, Respondent has submitted the declaration of Janet Gignilliat, the Warden's Secretary, confirming that a review of Petitioner's records show that "he has not filed any administrative as required by the administrative remedy process." ECF Doc. 10-1 at 3. As stated above, Petitioner did not file a response to the motion and, thus, has presented no evidence he has properly exhausted his administrative remedies.

Exhaustion allows "'the agency [to] develop the necessary factual background upon which decisions should be based' and giv[es] 'the agency a chance to discover

and correct its own errors.'" *Green v. Sec'y for Dep't of Corr.*, 212 F. App'x 869, 871 (11th Cir. 2006) (quoting *Alexander v. Hawk*, 159 F.3d 1321, 1327 (11th Cir. 1998) (first alteration in original)). Requiring exhaustion also "eliminate[s] unwarranted federal-court interference with the administration of prisons" and allows "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford*, 548 U.S. at 93. Because Petitioner bypassed the BOP's formal grievance procedures completely, he has deprived the BOP of the chance to correct its own errors and prevented the making of a factual record. The amended petition should therefore be dismissed for Petitioner's failure to exhaust his administrative remedies.

## III. THE PETITION IS PREMATURE

Even if Petitioner had exhausted his administrative remedies,[2] the amended petition is still subject to dismissal because it is premature. The FPC staff member's response to Petitioner that the FSA provisions at issue do not go into effect until January 15, 2022, was correct.

On December 21, 2018, the FSA was signed into law. Among other things, the FSA provides that, "[n]ot later than 210 days after the date of enactment of this

---

[2] *See Gallo v. Ortiz*, 2021 WL 571600, at *4, n 8 (D.N.J. Feb. 16, 2021), citing *Coleman v. U.S. Parole Comm'n,* 644 F. App'x 159, 162 (3d Cir. 2016) ("exhaustion is not required with regard to claims which turn only on statutory construction") (citing *Harris v. Martin*, 792 F.2d 52, 54 n. 2 (3d Cir. 1986.) (finding exhaustion not required for claim based on statutory interpretation of FSA)).

subchapter, the Attorney General, in consultation with the Independent Review Committee authorized by the First Step Act of 2018, shall develop and release publicly on the Department of Justice website a risk and needs assessment system." *See* 18 U.S.C.A. § 3632. The Attorney General met that deadline by publicly releasing a risk and needs assessment system on July 19, 2019. *See* First Step Act of 2018 Risk and Needs Assessment System (called the Prisoner Assessment Tool Targeting Estimated Risk and Needs or the "PATTERN").[3] The FSA gave the BOP 180 days, or until January of 2020, to complete the risk and needs assessment for each prisoner, which appears to have occurred in this case. *See* ECF Doc. 1 at 4.

The FSA also gives the BOP two years after it completes the risk and needs assessment for each prisoner to "phase in" the program implementation. *See* 18 U.S.C. § 3261(h)(2)(A). That 2-year phase-in date has not expired and will not until January 2022. Petitioner's claim is therefore premature and not ripe. *Llewlyn v. Johns*, 2021 WL 535863, at *2 (S.D. Ga. Jan. 5, 2021), *report and recommendation adopted*, 2021 WL 307289 (S.D. Ga. Jan. 29, 2021) ("Because the First Step Act does not require actual implementation for each inmate until January 2022, Llewlyn is not entitled to an order from this Court compelling the BOP to recalculate his time

---

[3] Available at https://nij.ojp.gov/sites/g/files/xyckuh171/files/media/document/the-first-step-act-of-2018-risk-and-needs-assessment-system_1.pdf.

Case No. 3:20cv6008-LC-HTC

credits. His petition is premature, and his claim is not yet ripe."); *Herring v. Joseph*, No. 4:20CV249-TKW-HTC, 2020 WL 3642706, at *1 (N.D. Fla. July 6, 2020) (dismissing petition *sua sponte* "because, as explained in the R&R, Petitioner has no current right to the relief requested in the petition since the Bureau of Prisons (BOP) has until January 2022 to implement the provisions of the First Step Act on which the petition is based").

## IV.   CONCLUSION

As set forth above, the amended petition should be dismissed because (1) Petitioner has not exhausted available administrative remedies; and (2) the relief requested by Petitioner is premature.

Accordingly, it is respectfully RECOMMENDED:

1. That the motion to dismiss, ECF Doc. 10, be GRANTED.

2. That the petition under 28 U.S.C. § 2241 be dismissed.

3. That the clerk be directed to close the file.

Done in Pensacola, Florida, this 19th day of April, 2021.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**